# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OFKANSAS

MARTE A. THOMAS, by and through )
TARA DAVIS, Guardian, Conservator and Next Friend. )
)
        Plaintiff, )
)
        v. )   Case no._____
)
CITY OF WICHITA, KANSAS, )
        Defendant. )
_____ )

## **COMPLAINT**

**COMES NOW**, the Plaintiff, by and through his attorneys Mark T. Schoenhofer and Kurt P. Kerns and for his causes of action against the defendant, states and alleges as follows:

### **Introduction/Nature of Case**

1) Competency to stand trial depends on whether a defendant has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.

2) The conviction and jailing of a legally incompetent defendant, or the failure of a trial court to provide an adequate competency determination, violates a defendant's due process right to fair trial. The common-law prohibition of trying an incompetent person is fundamental to an adversary system of justice and is conceptually similar to the prohibition on trying a defendant in his or her absence.

3) When a bona fide doubt about competence of a defendant is raised before the court, the defendant must be evaluated by a mental health professional. Based on that evaluation and

1

other information, the court is then obliged to make a determination of legal competency.

4) A trial court must grant either party's request for a determination of the defendant's competency to stand trial if either party has a bona fide doubt as to the defendant's competence. The court may also order a competency evaluation, if based on its own observations of the defendant, it believes he is incompetent.

5) Until late summer of 2023, the City of Wichita Municipal Court did never ordered psychological evaluations or held hearings to determine the competency of defendants passing through its doors.  Despite instances of defense counsel raising a bona fide concern about the competency of a defendant; despite the presentation of medical/psychiatric evidence of a defendant's incompetency, and; despite the court raising its own concerns about a defendant's competency, Wichita Municipal Court did not order a psychological evaluation to determine the mental competency of any defendant or hold a competency determination of any defendant passing through its doors.

6) The City of Wichita Municipal Court forced mentally incompetent defendants to submit to trial or to enter a plea of guilty/no contest, despite their inability to consult with their attorney with a reasonable degree of rational understanding, and their lack of understanding of the proceedings against them. Likewise, the City of Wichita jailed numerous mentally incompetent defendants before and after they were found guilty.

7) The City of Wichita Municipal Court announced it had no means or methodology of determining competency, as there was no provision for competency evaluations in the City Code, and state statute did not provide the means.

8) Despite repeated objections over the years by defense counsel, the City of Wichita municipal court has knowingly, deliberately and intentionally subjected mentally incompetent

defendants to trial and/or a change of plea, claiming "our hands are tied." Mentally incompetent criminal defendants have been convicted, sentenced, and jailed despite mental defects and disorders, which rendered them incapable of understanding the nature and consequences of the proceedings against them or in assisting properly in their defense.

9) The actions and omissions and failures of the Defendant City of Wichita violated Plaintiff's Due Process rights under the Fifth and Fourteenth Amendments, and his rights to be free of cruel and unusual punishment under the Eighth Amendment. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff seeks damages (both actual and exemplary), injunctive relief, attorneys fees, and costs as a result of defendant's violations of his constitutional rights.

10) Despite mental disorders that rendered the Plaintiff incompetent, and despite his mother/legal guardian announcing in-court that Plaintiff is incompetent, the City of Wichita convicted Plaintiff Marte A. Thomas in three municipal court cases just this last year, and has three pending cases against him. In 23CM001041, Plaintiff Thomas was convicted of battery on August 7, 2023. In Case No. 23CM001966, Plaintiff Thomas was convicted of battery on December 18, 2023. In Case No 23CM002527, Plaintiff Thomas was convicted of battery on December 18, 2023. Plaintiff has been assessed fines, court costs, and has served jail time.

11) Plaintiff has three pending cases, each charging him with battery: 23CM 02831, 23CM003158, and 23CM 003270 (also charging criminal damage to property and interference with LEO). The City of Wichita has not ordered a competency evaluation or held a competency hearing to determine Plaintiff's competency.

## Jurisdiction and Venue

12) This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1331, as

one of the Plaintiffs' claims against the Defendant involves a federal question.

13) Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

## Parties

14) Tara Davis is the mother, guardian and conservator of Marte A. Thomas, and brings this lawsuit on behalf of Marte A. Thomas. Marte A. Thomas is a resident of Wichita, Sedgwick County, Kansas.

15) Defendant City of Wichita is a municipal corporation and may be served with process through its mayor, Lily Wu, 1st Floor, 455 N. Main, Wichita, Kansas 67202.

16) The mayor, the city council, and city clerk's office exercise the governing powers of the city of Wichita. At all times relevant to this action, the mayor, city council and city clerk were acting within their official capacity for the city of Wichita. City council is responsible for the appointment of all judges of the City of Wichita Municipal Court, and is responsible for the municipal court budget. City council is also responsible for promulgation of the City Code. Despite clear constitutional mandates, until late summer 2023, City council failed to allocate funds and establish the procedure for municipal court judges to order competency evaluations and to conduct competency hearings in the City of Wichita Municipal Court.

17) At all times relevant hereto, the Wichita Mayor, Wichita City Council, City Clerk, Municipal Court Judges, City Manager, City Prosecutor, and the Municipal Court Administrator were acting under color of law.

## Statement of Facts

18) Plaintiff Marte A. Thomas was convicted in three multiple municipal court cases in 2023, and has three pending cases in municipal court. In 23CM001041, Plaintiff Thomas was convicted of battery on August 7, 2023. In Case No. 23CM001966, Plaintiff Thomas was

convicted of battery on December 18, 2023.  In Case No 23CM002527, Plaintiff Thomas was convicted of battery on December 18, 2023.  Plaintiff has three pending cases, each charging him with battery: 23CM 02831, 23CM003158, and 23CM 003270 (also charging criminal damage to property and interference with LEO).

19) Marte A. Thomas was forced to plead guilty or to go trial in each of the three cases: 23CM001041, 23CM001966, 23CM002527.

20)  On October 15, 2022, APRN/PSYCHIATRY Louise Muhozi of the Wyandotte Center for Mental Health examined Plaintiff and produced a report from the Examination/Evaluation for District Court. At the time of the Examination/Evaluation, Plaintiff lived in a group home.  APRN Muhozi concluded that Plaintiff "has a lot of mental health issues"; he has a history of becoming very aggressive towards staff and roommates; he hears voices; he is paranoid; he is hyper active and unable to concentrate or pay attention; his mood is unstable, and he is unpredictable and "can do risky things anytime."

21) APRN/PSYCHIATRY Muhozi concluded that Plaintiff "finds it hard to understand what others are thinking or feeling."  Plaintiff has autism, and needs constant assistance with basic every day chores. Plaintiff needs a supervised environment, and needs staff to help him with prescribed medication.  Plaintiff is "on psychotropic medication to manage his symptoms." APRN Muhozi concluded that Plaintiff does not have the capacity to meet essential needs for his physical health, safety or welfare, and is therefore, an adult with an impairment.  Muhozi also concluded that Plaintiff "could not meaningfully participate in court proceedings in the court proceedings associated with guardianship/conservatorship."

22)  This report of APRN Muhozi was generated 10 months before the Municipal Court found Plaintiff guilty in Case No. 23CM001041.  Despite the existence of these psychiatric

findings, despite mental disorders that rendered the Plaintiff incompetent, and despite Tara Davis' plea to the Court that Plaintiff is incompetent, the City of Wichita nonetheless convicted Plaintiff Marte A. Thomas. At the time Plaintiff was convicted in Case No. 23CM001041, the City offered no competency evaluations and held no competency hearings to determine the competency of a defendant. Plaintiff has been convicted twice more last year without a competency evaluation or a hearing to determine his competency.

23) Historically, the City of Wichita and its judges told defense counsel that a defendant must appeal his/her conviction in order to get a psychological evaluation and a competency hearing. That is, an incompetent defendant must be found guilty in the City of Wichita Municipal Court in order to later be found incompetent to enter a plea of guilty.

24) Many times these criminal defendants, as here, are represented by City Public Defenders, who do not appeal the conviction of their incompetent defendants, and a competency evaluation is never completed. This is the case with Plaintiff. These defendants, including Mr. Thomas, often serve lengthy jail sentences, and with each conviction, their criminal history grows and exposes them to lengthier sentences and the risk of felony charges.

**Knowledge of Misconduct**

25) Defendant City of Wichita, its mayor, commissioners, city manager, municipal court administrator, judges and prosecutors had knowledge that the wrongs herein were committed. The city knows that it is obliged to learn and follow the law, including the United States Constitution and United States Supreme Court case law.

26) The City and its judges and prosecutors have known that for nearly 45 years the United States Supreme Court has held that the conviction of a legally incompetent defendant, or the failure of a trial court to provide an adequate competency determination, violates a criminal

defendant's due process right to a fair trial. The City and its judges and prosecutors know Due Process demands a psychological evaluation to determine the competency of a defendant when there is a bona fide belief that defendant is incompetent.

27) Instead of providing the funds and means for its judges to order competency evaluations for those defendants who are believed to be incompetent, the Defendant City of Wichita instead created "Mental Health Court". The "Mental Health Court" is not a program by which competency of a defendant is determined. Instead, it is a program available to only select defendants after they are found guilty. On its website, the Defendant City of Wichita in fact describes Mental Health Court as "an option in which the defendant can participate as an <u>alternative to conventional sentencing</u>."

28) On its website too, the Defendant City of Wichita acknowledges the increasing number of mentally ill defendants passing through its courts: "The number of persons with mental illness at the root of their offending behaviors has risen, and the criminal justice community is straining to keep up. A large percentage of cases filed with the City of Wichita Municipal Court are mental health related offenses."

<b>Deliberate Indifference</b>

29) **Actual Notice**. Defendant City of Wichita had knowledge that it was committing the wrongs alleged herein. The deliberate indifference standard is met here where defendant City of Wichita had actual notice that its actions or failures to act were substantially certain to result in a constitutional violation, and it nonetheless consciously or deliberately chose to disregard the risk of harm. Here, there is a pattern of repeated unconstitutional behavior for decades, such that a violation of federal rights was a highly predictable or plainly obvious consequence of the defendants' actions or inactions including, but not limited to, the failure of the Municipal Court

to order psychological evaluations of defendant believed to be incompetent; the failure of the Municipal Court to conduct competency hearings; the forcing of defendants whom the court and/or parties believed to be incompetent to submit to trial or a change of plea hearing; and, the jailing, fining, and supervision of defendants whom the court and/or the parties believed were incompetent.

**Deliberate Indifference and Custom/Policy/Practice/Culture of Misconduct**.

30) Defendant City of Wichita, Kansas and its mayor, commissioners, city manager, court administrator, judges, and prosecutors participated in the creation and allowance of a custom/policy/practice/culture of denying incompetent defendants their due process rights to a fair trial. The denial of the Plaintiff's right to due process has resulted in unlawful convictions and cruel and unusual punishment to him. By failing to take any remedial action, and in creating and allowing this misconduct by the Municipal Court, Defendant City of Wichita, Kansas was deliberately indifferent to a substantial risk of harm to all incompetent defendants (including Plaintiff). Defendant City of Wichita, Kansas is likewise responsible and liable for the same actions, omissions, and failures of its mayor, commissioners, city manager, court administrator, judges and prosecutors.

31) Defendants City of Wichita, Kansas had the power and responsibility to prevent, or aid in preventing, the misconduct that took place. They could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Plaintiff's rights, it chose not to take action. Defendant City of Wichita directly or indirectly, under color of law, approved or ratified the deprivation of Plaintiff's due process rights to a fair trial, and his rights to be free of cruel and unusual punishment.

32) **Affirmative Links–Responsibilities for Conduct**. Plaintiff asserts that there were

affirmative links between the actions and omissions of Defendant City of Wichita and the actions and omissions and failures its mayor, commissioners, judges and prosecutors such that Defendant City of Wichita should be held liable for the actions and omissions and failures of its mayor, commissioners, judges and prosecutors as they personally participated in and/or acquiesced in the constitutional deprivations of which this complaint is made, thereby creating liability for themselves.

33) **Ratification**. The actions and omissions of Defendant City of Wichita, Kansas constituted authorization and/or approval and/or ratification of the culture of depriving mentally incompetent defendants their due process rights to a fair trial. The actions and omissions of Defendant City of Wichita, its mayor, commissioners, city manager, court administrator, judges and prosecutors actually support the violation of rights alleged herein. All of this gives rise to the liability and responsibility of Defendant City of Wichita, Kansas. The actions and omissions and failures of Defendant demonstrated deliberate indifference to the Due Process Rights of mentally incompetent defendants to a fair trial and the rights of incompetent defendants to be free of cruel and unusual punishment.

34) Accordingly, the City of Wichita is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff, including but not limited to unlawful deprivation of Plaintiff's Fifth and Fourth Amendment right to Due Process of Law, and the Eighth Amendment prohibition against cruel and unusual punishment. Defendant' actions and omissions caused or contributed to cause Plaintiff to suffer injuries and damages, all of which entitles him to an award from this Court for compensatory relief against the Defendant. Plaintiff specifically suffered deprivation of federal rights and also – in connection therewith – loss of freedom, physical, emotional and mental injuries, pain and suffering, anxiety, fright,

nervousness, indignity, insult, and loss of enjoyment of life. The injuries are severe, permanent, and progressive.

**WHEREFORE**, and by reason of the foregoing, Plaintiff prays for an award of compensatory damages, an award of exemplary damages, attorney fees and expenses of the attorney, the costs of this action, and for such and other and further relief as to the Court deems fair, reasonable, just and equitable.

Respectfully Submitted,

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Bar No. 15781
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax:  316-262-1787
Email: mydefensefirst@yahoo.com

And

/s/ Kurt P. Kerns
Kurt P. Kerns, Kan Bar No. 15028
328 N. Main
Wichita, Kansas 67202
316-265-5511
Fax: 316-265-4433
Email:  kurtkerns@kernslawgroup.com

### REQUEST FOR TRIAL BY JURY

**Comes Now** the Plaintiff and requests a trial by jury of twelve person on all issues herein joined above.

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781

## DESIGNATION OF PLACE OF TRIAL

**Comes Now** the Plaintiff and designates Kansas City as the Place of trial .

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
